**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**MICHAEL N. KATROS,**

  **Plaintiff,**

**v.**               **Case No: 5:14-cv-541-Oc-PRL**

**COMMISSIONER OF SOCIAL**
**SECURITY**

  **Defendant.**

---

**ORDER**

This matter is before the Court on the motion of Plaintiff's counsel, Richard A. Culbertson, for authorization to charge a reasonable fee pursuant to 42 U.S.C. §406(b) in the amount of $16,361.67.   (Doc. 23).   In support of the motion, Mr. Culbertson has filed a signed fee agreement in which Plaintiff acknowledges a 25% fee award of past due benefits.   (Doc. 23-1). Mr. Culbertson represents that the Commissioner has no objection to the requested fees.

**I.  Background**

On April 21, 2015, this Court reversed and remanded the case to the Social Security Administration for further proceedings.   (Doc. 19).   On May 13, 2015, the Court entered an order awarding attorney's fees to Mr. Culbertson under the Equal Access to Justice Act ("EAJA") in the sum of $3,362.58, representing 9.8 hours of attorney time and 20 hours of paralegal time for representing Plaintiff before this Court.   (Docs. 21 & 22.)   Subsequently, on remand, Plaintiff

was awarded past due benefits in the amount of $78,897.00.   (Doc. 23-2).   Pursuant to the fee

agreement, the attorney fee payable from Plaintiff's past-due benefits is $16,361.67.[1]

## II.     Discussion

An attorney, as here, who successfully represents a Social Security claimant in court may

be awarded as part of the judgment "a reasonable fee ... not in excess of 25 percent of the ... past-

due benefits" awarded to the claimant.   42 U.S.C. § 406(b)(1)(A).   The fee is payable "out of, and

not in addition to, the amount of [the] past-due benefits."   *Id*.   As required by *Gisbrecht v.

Barnhardt*, 535 U.S. 789, 808 (2002), courts should approach contingent-fee determinations by

first looking to the agreement between the attorney and the client, and then testing that agreement

for reasonableness.   When called upon to assess the reasonableness of the award, a court should

balance the interest in protecting claimants from inordinately large fees against the interest in

ensuring that attorneys are adequately compensate so that they continue to represent clients in

disability benefits cases.   *Gisbrecht*, 535 U.S. at 805.   In making this reasonableness

determination, the *Gisbrecht* court highlighted several important factors including: (1) whether the

requested fee is out of line with the "character of the representation and the results the

representation achieved;" (2) whether the attorney unreasonably delayed the proceedings in an

attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether

"the benefits awarded are large in comparison to the amount of time counsel spent on the case,"the

so-called "windfall" factor.   *Id*. at 808.   In these instances, a downward reduction may be in order.

Here, the Court finds that the requested attorney's fees are reasonable.   The contingency

fee contract provides that Plaintiff agreed to pay his attorney 25% of his past-due benefits.

---

[1]   This is 25% of the past due benefits -- $19,724.25 – minus the previously awarded EAJA fees in the amount of $3,362.58.

Plaintiff's counsel's request of an award of 25% of Plaintiff's past-due benefits less any EAJA fees, is within the statutory maximum.

Moreover, the Court finds no reason to reduce the amount of the requested fee.   First, with respect to the character of the representation and the results achieved, Plaintiff's counsel provided professional and skilled representation, resulting in an award of past due benefits in excess of $78,000.   The Court also finds that counsel promptly prosecuted this case and created no undue delay

Second, the requested fee will not result in a windfall for counsel – i.e., that counsel is receiving compensation he is not entitled to and that payment of the compensation would be unfair or detrimental to Plaintiff.   Mr. Culbertson has submitted records showing that he spent at least 29.8 hours on this case.   The Court is satisfied that this fee award is reasonable in comparison to the amount of time and effort Plaintiff's counsel expended on this case and given the risks of contingent litigation.   *See, e.g.*, *Watterson v. Astrue*, No. 3:06-cv-369-J-HTS, 2008 WL 783634, *1–2 (M.D. Fla. Mar. 21, 2008) (finding a contingency fee, which amounted to $1,089.66 per hour, to be reasonable under § 406(b)); *Vilkas v. Comm'r of Soc. Sec.*, No. 2:03cv687FTM-29DNF, 2007 WL 1498115, *2 (M.D. Fla. May 14, 2007) (finding a contingency fee, which amounted to $1,121.86 per hour, to be reasonable under § 406(b)).

Accordingly, for these reasons, and in the absence of any objection by the Commissioner, Mr. Culbertson's motion for authorization to charge a reasonable fee pursuant to 42 U.S.C. 406(b) (Doc. 23) is due to be **GRANTED**.   Section 406(b)(1) fees are approved for Mr. Culbertson in the sum of **$16,361.67** to be paid out of the Plaintiff's past due benefits currently being withheld by the Social Security Administration.

**DONE** and **ORDERED** in Ocala, Florida on April 3, 2017.

- 4 -

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 4 -